**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHY A. MCCLUNG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:13-CV-94 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § | |
| Defendant. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On June 16, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #18], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that the decision of the Administrative Law Judge be affirmed.

Plaintiff filed her objections to the report and recommendation on June 30, 2014 [Doc. #19]. In reviewing whether the Administrative Law Judge ("ALJ") failed to provide good cause for rejecting the opinions of the plaintiff's treating physician, the Magistrate Judge concluded that the ALJ relied on reliable medical evidence and performed a detailed analysis of the treating physician's views under the criteria required by 20 C.F.R. § 404.1527(d)(2). The Magistrate Judge further concluded that the ALJ pointed to specific medical records to demonstrate "good cause" for the weight given to the treating physician's opinion, cited to reports from other examining physicians, pointed out inconsistencies between the treating physician's assessment of the plaintiff's limitations and his own medical records, and relied on the plaintiff's described daily activities to contradict the treating physician's findings.

1

Plaintiff objects to the findings of the Magistrate Judge, arguing that the Magistrate Judge failed to explain how the evidence cited contradicted the treating physician's opinion, and that the evidence in the record either does not contradict the treating physician's opinion or supports the treating physician's opinion.  As the Magistrate Judge noted, in an appeal under § 405(g), the court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), 42 U.S.C. § 405(g).  The court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner.  *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).  The inquiry of the court is limited to whether there is substantial evidence to support the factual findings of the ALJ, which in this case was whether the ALJ had "good cause" to give no significant weight to the opinions of the treating physician.  The Magistrate Judge noted that the ALJ cited to objective medical findings, such as an MRI, and reports from other examining physicians that showed no neuropathy, no psychological issues, normal sensation and reflexes, and only minimal spinal problems (Dkt. #18 at 7).  The Magistrate Judge also noted the ALJ's findings that the treating physician's own records contradicted his assessments of Plaintiff's functions, including records from visits where Plaintiff showed almost no impairments.  *Id*.  Further, the Magistrate Judge noted that Plaintiff's described daily activities such as gardening, cleaning, and sweeping exceeded the physical limitations one would expect of a person with the limitations assessed by the treating physician.  *Id*.  This evidence constitutes substantial evidence supporting the decision of the ALJ.  Plaintiff's objections seem to primarily go to the weight given the evidence by the ALJ, and the ALJ's

interpretation of the relevant medical evidence.  In short, Plaintiff disagrees with the conclusions reached by the ALJ.  However, conflicts in the record and the weight given to the evidence are both issues for the ALJ to resolve, not for this court.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law.  After careful consideration, the court concludes the plaintiff's objections are overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #18] is hereby adopted, and the decision of the Commissioner is **AFFIRMED**.

So **ORDERED** and **SIGNED** this **18** day of **July, 2014.**

_____
Ron Clark, United States District Judge